# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Criminal No. 4:16-CR-00052 |
| | § | Judge Mazzant |
| JAMES B. WRIGHT | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant James B. Wright's ("Wright") Motion to Admit Evidence of Polygraph Examination Results and Request for *Daubert* Hearing (Dkt. #82). After reviewing the relevant pleadings and motion, the Court finds that the motion should be denied.

## ANALYSIS

Wright asks the Court to admit evidence and expert testimony regarding a polygraph examination Eric Holden ("Holden") administered to Wright. The Government asks the Court to exclude the evidence under Federal Rules of Evidence 401, 402, 403, 702, 704(b), and 802.

The Court will begin with the Government's assertion that the polygraph should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, undue delay, or wasting time under Federal Rule of Evidence 403. The Government contends that admitting the polygraph would improperly bolster Wright's testimony, is not the proper subject for expert testimony, and carries the danger that the jury will overvalue the polygraph results. The Government argues that the probative value of the polygraph examination is relatively low in this case because the questions Holden asked Wright were vague, confusing, and simplistic. As such, the Government asserts that the polygraph should be excluded under Federal Rule of Evidence 403.

Wright maintains that the polygraph is admissible under Federal Rule of Evidence 403 because it will not take a large amount of time to admit the evidence in relation to trial and the evidence is not cumulative. Further, Wright asserts that the probative value of the polygraph far outweighs any potential prejudice or delay because Holden is at the top of his field, is well-respected, and is known for administering accurate polygraph tests.

In the past, the Fifth Circuit had a per se rule excluding polygraph evidence and testimony; however, with a "high degree of caution" it abolished that rule. *United States v. Posado*, 57 F.3d 428, 436 (5th Cir. 1995). Polygraph evidence is now admissible subject to Federal Rule of Evidence 403, among the other federal rules of evidence. Rule 403 states that a court may exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Several courts have offered guidance in analyzing a polygraph under Rule 403 regarding both the probative and prejudice aspects.

As to the probative value of the polygraph, the polygraph examination's context and specificity affects its probative value to the fact-finder. *United States v. Kubini*, No. 11-14, 2015 WL 418220, at *13 (W.D. Pa. Feb. 2, 2015) (holding that because the polygraph took place a significant amount of time after the defendant learned of the criminal investigation and criminal activity, and because the defendant only answered general questions, rather than the specific questions about the transactions, the probative value was "not great."). Here, Wright took the polygraph examination several years after his participation in the alleged conspiracy to commit bank fraud and several months after he learned of his initial Indictment (Dkt. #82, Exhibit 1 at p. 1). Additionally, Holden did not ask Wright questions about specific transactions, but instead

asked general questions about the alleged "scheme." (Dkt. #82, Exhibit 1 at p. 3). As such, the probative value of the polygraph examination is low.

As to the prejudicial effect of the polygraph examination, a polygraph presents "the danger that the jury may overvalue polygraph results as an indicator of truthfulness because of the polygraph's scientific nature." *United States v. Call*, 129 F.3d 1402, 1406 (10th Cir. 1997) (citing *United States v. Falsia*, 724 F.2d 1339, 1342 (9th Cir. 1983)). In this case, the polygraph will be administered to bolster Wright's testimony, which goes to his credibility, and is a determination for the jury to make. *Id.* (citing *United States v. Toledo*, 985 F.2d 1462, 1470 (10th Cir. 1993)).

The Fifth Circuit identified factors that could possibly alleviate potential prejudice created by admitting expert testimony about a polygraph:

> First, the prosecution was contacted before the tests were conducted and offered the opportunity to participate in the exams, including stipulating as to any limited use for the evidence. In such a case, both parties have a risk in the outcome of the polygraph examination, simultaneously reducing the possibility of unfair prejudice and increasing reliability. Second, the evidence was not offered at trial before a jury, but in a pretrial hearing before the district court judge. A district court judge is much less likely than a lay jury to be intimidated by claims of scientific validity into assigning an inappropriate evidentiary value to polygraph evidence.

*See Posado*, 57 F.3d at 435.

Here, Wright took the polygraph examination based on the direction of his attorney. The Government was not "contacted before the test[ was] conducted and" was not "offered the opportunity to participate in the exam[]." *See id.* Similarly, the Government did not agree or stipulate to its limited use. *See id.* Further, Wright seeks to admit the evidence in front of the jury, as opposed to in front of the Court. *See id.* Accordingly, the two *Posado* factors do not eliminate any potential prejudice created by allowing such testimony and evidence.

Because the probative value is low, the prejudice is high, and no factors alleviate any of the prejudice, the polygraph should be excluded under Federal Rule of Evidence 403. Therefore, the Court need not engage in an analysis under the Government's remaining arguments.

## CONCLUSION

It is hereby **ORDERED** that Wright's Motion to Admit Evidence of Polygraph Examination Results and Request for *Daubert* Hearing (Dkt. #82) is **DENIED**.

**SIGNED this 15th day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE